IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNIVERSITY OF NORTH CAROLINA HEALTH CARE SYSTEM; UNIVERSITY OF NORTH CAROLINA HOSPITALS AT CHAPEL HILL; JOHNSTON HEALTH SERVICES CORPORATION, A/K/A JOHNSTON MEMORIAL HOSPITAL AUTHORITY; NASH HOSPITALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HUMANA HEALTH PLAN, INC.; HUMANA INSURANCE COMPANY; and HEALTH VALUE MANAGEMENT, INC. D/B/A CHOICECARE NETWORK, <br><br> Defendants. | Civil Case No.: 1:25-cv-462 <br> **COMPLAINT** <br> **Jury Trial Demanded** |

Plaintiffs University of North Carolina Health Care System ("UNC Health"); University of North Carolina Hospitals at Chapel Hill ("UNC Hospitals"); Johnston Health Services Corporation, a/k/a Johnston Memorial Hospital Authority ("UNC Health Johnston"); and Nash Hospitals, Inc. ("UNC Health Nash") (collectively, "Plaintiff") file this Complaint against Defendants Humana Health Plan, Inc.;

#323121743.5

Humana Insurance Company; and Health Value Management, Inc. d/b/a ChoiceCare Network (collectively, "Humana" or "Defendant"), and allege as follows:

## PARTIES

1. Plaintiff UNC Health is a statutory entity created pursuant to N.C. Gen. Stat. § 116-350.5 and is a State agency and political subdivision governed and administered as an affiliate enterprise of The University of North Carolina. Among other functions, UNC Health owns, operates, and manages hospital systems, individual hospitals, and related services across the State of North Carolina.

2. Plaintiff UNC Health is comprised of a number of affiliate hospital systems and hospitals, including:

   a. Plaintiff UNC Hospitals, which is a component unit of Plaintiff UNC Health. UNC Hospitals owns and operates a hospital system and related services in and around Orange County, North Carolina.

   b. Plaintiff UNC Health Johnston, which UNC Health manages. UNC Health Johnston owns and operates a hospital system and related services in and around Johnston County, North Carolina.

   c. Plaintiff UNC Health Nash, which UNC Health manages. UNC Health Nash owns and operates a hospital system and related services in and around Nash County, North Carolina.

3. On information and belief, Defendant Humana Health Plan, Inc. is a Kentucky corporation and is in the business of health care insurance.

4. On information and belief, Defendant Humana Insurance Company is a Delaware corporation and is in the business of health care insurance.

5. On information and belief, Defendant Health Value Management, Inc. d/b/a ChoiceCare Network is a Delaware corporation and is in the business of health care insurance.

## THE PARTIES' AGREEMENTS

6. Plaintiff UNC Health, Defendant Humana Health Plan, Inc., and Defendant Humana Insurance Company are parties to that certain Hospital Participation Agreement ("UNC Health System Agreement") effective as of September 1, 2021, together with any amendments thereto. As between the contracting parties, the UNC Health System Agreement governs all claims for services rendered at any UNC Health facilities enumerated therein—whether owned or managed by UNC Health—on or after September 1, 2021.[1]

7. Plaintiff UNC Hospitals and Defendant Health Value Management, Inc. d/b/a ChoiceCare Network were parties to that certain Hospital Participation

---

[1] Any facilities which affiliated with UNC Health after September 1, 2021 could be brought under the UNC Health System Agreement upon mutual written agreement of the contracting parties.

Agreement ("UNC Hospitals Agreement") effective as of April 15, 2002, together with any amendments thereto, including, without limitation, the amendment effective on or about May 17, 2005 and the amendment effective on or about December 1, 2010. The UNC Hospitals Agreement remained in effect through September 1, 2021, at which point it was superseded by the UNC Health System Agreement. As between the contracting parties, the UNC Hospitals Agreement governs all claims for services rendered at any UNC Hospitals facilities enumerated therein from April 15, 2002 to August 31, 2021.

8. UNC Health Nash and Defendant Health Value Management, Inc. d/b/a ChoiceCare Network were parties to that certain Hospital Participation Agreement ("UNC Health Nash Agreement") effective on or about January 1, 2007, together with any amendments thereto. The UNC Health Nash Agreement remained in effect through September 1, 2021, at which point it was superseded by the UNC Health System Agreement.

9. UNC Health Johnston, Defendant Humana Health Plan, Inc., and Defendant Humana Insurance Company were parties to that certain Hospital Participation Agreement ("UNC Health Johnston Agreement") effective on or about February 1, 2011, together with any amendments thereto. The UNC Health Johnston Agreement remained in effect through September 1, 2021, at which point it was superseded by the UNC Health System Agreement.

10. This Complaint concerns only those claims payable:

   a. under the UNC Hospitals Agreement from January 1, 2018 through August 31, 2021; and

   b. under the UNC Health System Agreement on or after September 1, 2021.

11. The UNC Hospitals Agreement and the UNC Health System Agreement are collectively referred to herein as the "Agreement."

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

13. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

14. Defendant is subject to this Court's specific jurisdiction because the causes of action herein arise directly from Defendant's purposeful contacts relating to Plaintiff in North Carolina.

15. Defendant is subject to this Court's general personal jurisdiction because it is constructively "at home" because of continuous and systematic contacts in this State with respect to Plaintiff.

16. Defendant maintains a North Carolina registered agent for service of process.

## FACTUAL BACKGROUND

17. As an alternative to traditional Medicare, eligible individuals may instead elect to enroll in "Medicare Advantage," also known as Medicare Part C. Medicare Advantage is a Medicare-approved plan administered by a private company—known as a Medicare Advantage Organization ("MAO")—that provides health and drug coverage to such individuals on behalf of the Centers for Medicare and Medicaid Services ("CMS").

18. Defendant serves as an MAO pursuant to a contract it maintains with CMS (Defendant's "MAO Agreement").

19. As an MAO, Defendant maintains various Medicare Advantage plans, through which Defendant administers Medicare benefits on behalf of CMS to individuals who have elected to enroll in such plans in lieu of enrolling in traditional Medicare (Defendant's "Medicare Advantage Program").

20. Providers such as Plaintiff provide health care services to members of Defendant's network—including individuals enrolled in Defendant's Medicare Advantage Program—through provider agreements such as the Agreement.

21. As an MAO, Defendant is obligated to pay contracted providers, such as Plaintiff, the rates agreed to in the Agreement.

22. However, from 2018 through 2022, during the Agreement's applicability (the "Improper Discount Period"), Defendant improperly and unilaterally discounted payments for certain of Plaintiff's claims at its covered hospitals.

23. Defendant thus owes Plaintiff for underpayments under the Medicare Advantage Program during the Improper Discount Period.

24. Specifically, the claims at issue here fall within an identical pattern in that they are claims for pharmaceuticals that were purchased under the federal 340B drug purchasing program (the "340B Program").

25. Under the 340B Program, claims for certain pharmaceuticals are reimbursed under the Medicare program at a rate of the average sales price ("ASP") plus 6%.

26. Under the Agreement, Defendant is required to reimburse Plaintiff for outpatient services, including pharmaceuticals purchased under the 340B Program and used in a hospital outpatient department, as a percentage of the rate required to be paid under the Medicare program.

27. During the Improper Discount Period, however, Defendant improperly reimbursed Plaintiff for these claims predicated on ASP minus 22.5% (the "Improper Payment Reduction") instead of ASP plus 6%.

28. As such, Defendant has systematically underpaid Plaintiff in violation of the Agreement.

29. During the Improper Discount Period, Defendant applied the Improper Payment Reduction to Plaintiff's reimbursement for 340B drugs under the following faulty rationales: (a) Defendant assumed that CMS properly applied the same Improper Payment Reduction in the fee-for-service Medicare program; and (b) Defendant thus incorrectly believed it could likewise impose the Improper Payment Reduction under the Agreement's terms.

30. However, CMS's imposition of the Improper Payment Reduction was determined to be unlawful. On June 15, 2022, the United States Supreme Court unanimously held that CMS never had the authority to impose the Improper Payment Reduction under the Medicare program. *See Am. Hosp. Ass'n v. Becerra*, 596 U.S. 724, 142 S. Ct. 1896 (2022).

31. In the aftermath of that opinion, CMS interpreted and effectuated the United States Supreme Court's decision by rule and declared the Improper Payment Reduction to be an "unlawful 340B Payment Policy." 88 Fed. Reg. 77150, 77152 (Nov. 8, 2023).

32. To remedy the impact of the unlawful 340B Payment Policy under the Medicare program, CMS elected to make a lump-sum payment to affected hospitals, including Plaintiff, during the first quarter of 2024, equal to the difference between

8

(i) what they were actually paid due to the Improper Payment Reduction during the Improper Discount Period, and (ii) what they would have been paid had the Improper Payment Reduction not been applied during the Improper Discount Period (i.e., ASP plus 6%). 88 Fed. Reg. 77150, 77156-67 (Nov. 8, 2023).

33. Because Defendant's actions purport to derive directly from CMS's admittedly unauthorized actions, Defendant's actions also violate the Agreement.

34. As a result of Defendant's improper interpretation of the Agreement, Defendant has underpaid Plaintiff for Medicare Advantage members' 340B drugs for the Improper Discount Period.

35. Defendant therefore owes Plaintiff the difference between the amount that Defendant has paid Plaintiff for services rendered to Defendant's Medicare Advantage members and the amounts Defendant is contractually obligated to pay Plaintiff for such payments and services.

36. Plaintiff has been damaged because of Defendant's breach and improper actions. As of the time of this Demand, Plaintiff's calculated arrearages and damages in this regard exceed $75,000.

## CAUSES OF ACTION

### COUNT #1
### Breach of Contract

37. Plaintiff incorporates by reference all other allegations as if set forth fully herein.

38. The Agreement is an enforceable contract, through which Defendant agreed to pay Plaintiff as specified therein.

39. Plaintiff has fully performed its contractual obligations to Defendant under the terms of the Agreement.

40. Defendant's failure and refusal to pay all amounts due to Plaintiff under the Agreement constitutes a breach of the Agreement.

41. Plaintiff has suffered damages exceeding $75,000 as a direct and proximate result of Defendant's breach of the Agreement.

### COUNT #2
### Specific Performance

42. Plaintiff incorporates by reference all other allegations as if set forth fully herein.

43. Defendant failed to pay all amounts due Plaintiff under the Agreement, thereby breaching the Agreement, and Plaintiff is thus entitled to specific performance of those underpayments.

44. Plaintiff has performed all services necessary in order to be fully paid for its services under the Agreement.

45. Accordingly, Plaintiff is entitled to an order of specific performance mandating that Defendant comply with its obligations under the Agreement.

## COUNT #3
### (Declaratory Judgment)

46. Plaintiff incorporates by reference all other allegations as if set forth fully herein.

47. This is a count for declaratory relief pursuant to Rule 57 of the North Carolina Rules of Civil Procedure and N.C. Gen. Stat. § 1-253, requiring Defendant to reimburse Plaintiff at the rates provided in the Agreement.

48. As a direct and proximate result of Defendant's acts and omissions, including but not limited to Defendant's failure to pay Plaintiff the contractual amounts for its services, Plaintiff has sustained, and will continue to sustain, damages and has been deprived, and will continue to be deprived, of the compensation to which Plaintiff is entitled for its services rendered to Defendant's Medicare Advantage members under the Agreement.

49. The existence of another potentially adequate remedy does not preclude an award for declaratory relief.

50. Plaintiff is entitled to declaratory relief, including a declaration that Defendant owes Plaintiff the difference between the amount that Defendant has paid Plaintiff for services rendered to Defendant's Medicare Advantage members and the amounts Defendant is obligated to pay Plaintiff for such patients and services under the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor against Defendant as follows:

A. Declaring that Plaintiff is entitled to declaratory relief, including a declaration that Defendant breached the Agreement and thus owes Plaintiff the difference between the amount that Defendant has paid Plaintiff for services rendered to Defendant's Medicare Advantage members and the amounts Defendant is contractually obligated to pay Plaintiff for such patients and services;

B. Awarding lost profits and compensatory damages in such amounts as the proofs at the trial shall show;

C. Awarding restitution for reimbursements improperly withheld by Defendant;

D. Requiring Defendant to pay Plaintiff the amounts as required under the Agreement;

E. Awarding costs of the trial;

F. Awarding pre-judgment and post-judgment interest as provided by common law, statute or rule, or equity;

G. For a trial by jury for any issues so triable; and

H. Awarding all other relief to which Plaintiff is entitled.

This the 10th day of June, 2025.

                                      **K&L GATES LLP**

By: */s/ Gary S. Qualls*
Gary S. Qualls
N.C. State Bar No. 16798
gary.qualls@klgates.com
Nate A. Huff
N.C. State Bar No. 40626
nate.huff@klgates.com
Anderson M. Shackelford
N.C. State Bar No. 49510
anderson.shackelford@klgates.com
430 Davis Drive
Morrisville, NC  27560
Telephone:  (919) 466-1195
Facsimile:  (919) 516-2072

*Attorneys for Plaintiffs*